IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE ECKENRODE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:13-cv-231 |
| ) | |
| v. ) | Judge Mark R. Hornak |
| ) | |
| CAROLYN W. COLVIN[1], ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This Supplemental Memorandum Opinion is in furtherance of the Opinion of the Court on the parties' Motions for Summary Judgment, *Eckenrode v. Colvin*, No. 2:13-cv-00231, ECF No. 15 (W.D. Pa. Mar. 3, 2014). In that Opinion, the Court concluded that the ALJ's decision, finding Plaintiff was not disabled for purposes of the Social Security Act, was supported by substantial evidence and granted summary judgment for the Defendant, the Commissioner of Social Security. ECF No. 15 at 16. The Court files this Supplemental Memorandum Opinion to address certain additional matters arguably encompassed in the parties' contentions.

The Court concluded in its Opinion that the ALJ did not err in giving little weight to the medical opinion of Dr. Randon Simmons ("Dr. Simmons"), Plaintiff's treating psychiatrist, as to the question of whether her mental impairments met the criteria of Listing 12.04, paragraph C. *Id.* at 9-12. Listing 12.04, paragraph C requires a "medically documented history of a chronic

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, succeeding former Commissioner Michael J. Astrue. Social Security History–Social Security Commissioners, http://www.ssa.gov/history/commissioners.html (visited on January 22, 2014). Consequently, Acting Commissioner Colvin is now the official-capacity defendant in this action. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); Fed. R. Civ. P. 25(d).

1

affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such arrangement.

20 C.F.R. § 404, subpt. P, app. 1.

The Court considered that Plaintiff had never been hospitalized for mental health reasons as a factor supporting the ALJ's rejection of Dr. Simmons' opinion that Plaintiff met subsections 1 and 2 of paragraph C. ECF No. 15 at 12. To satisfy the requirements for "repeated episodes of decompensation, each of extended duration," a claimant must demonstrate:

> Exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace. Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two). Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.

*Gibson v. Colvin*, 2013 WL 4778794, at *15-16 (citing 20 C.F.R. § 404, subpt. P, app. 1, Listing 12.00(C)(4)).

The Court observes that Dr. Simmons' treatment notes include several changes in medication and increases in dosage during an approximately one-year period from January 21, 2010 to January 25, 2011. ECF No. 6-10 at 46-54. While an episode of decompensation may be

2

inferred from medical records showing significant alteration in medication, Plaintiff does not argue that such changes in her medication were significant or constituted episodes of decompensation, and in any event the Court finds no medical evidence in the record to support such a conclusion. Dr. Simmons did not identify any events described in the record as episodes of decompensation of extended duration, and Plaintiff does not point to any evidence demonstrating the existence, severity, or duration of any such episodes. Additionally, in his report, Dr. Emanuel Schnepp, the State Agency psychiatric examiner, found no evidence of "emotional, cognitive, or behavior impairments of significant magnitude" in concluding that Plaintiff did not meet the paragraph C criteria. ECF No. 6-9 at 48. Coupled with the fact that Plaintiff has never been hospitalized for mental health treatment or been treated with psychiatric medications, *id.*, the record also contains no evidence of predictable future episodes of decompensation that would satisfy subsection 2 of paragraph C. Accordingly, the ALJ's decision to give little weight to Dr. Simmons' conclusion as to the requirements of Listing 12.04, paragraph C was supported by substantial evidence in the record.

Mark R. Hornak
United States District Judge

Dated: March 4th, 2014
cc: All counsel of record